JULIÁN AGAPITO LIND ET AL., Appellant, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 1186. Submitted May 1, 1946.—Decided May 20, 1946.

*Domínguez & Domínguez* for appellants. The respondent registrar did not appear.

Mr. Justice De Jesús delivered the opinion of the court.

By deed, of August 11, 1902, Dionisio Lind declaring that he was married but without stating the name of his wife, acquired by purchase from Nepomuceno Ortiz a certain rural property. On September 23, 1904, Lind married Juana Antuna and after both spouses had died, the District Court of Guayama, by an order of January 28, 1946, declared their eight children as sole and universal heirs of their parents. Upon the declaration of heirship being presented in the Registry of Property of Guayama to record in favor of the children an undivided one-half of said property acquired by inheritance from their father and the other one-half in their favor acquired by inheritance from their mother, Juana Antuna, the registrar denied its recordation on the grounds set forth in his decision which, in so far as pertinent reads as follows:

"Record of the foregoing document is hereby DENIED . . . as to a rural property of 5 acres (*cuerdas*) in the ward Matón of Patillas described in said document, because the property herein was acquired

by the predecessor, Dionisio Lind, while married, without stating the name of his wife, on August 11, 1902, by virtue of which said property appears recorded in favor of an unliquidated conjugal partnership, different from the one existing between Dionisio Lind and Juana Antuna by reason of their marriage on September 23, 1904. . ."

The appellants pray for the reversal of the above decision on the ground that in the declaration of heirship the court stated that Dionisio Lind and Juana Antuna, prior to their marriage on September 23, 1904, lived in concubinage and had five of the eight children which were declared heirs of their parents.

■ If in fact Lind was unmarried when he acquired the property, the latter wholly belonged to him as separate property, for, under § 1296 of the Civil Code, the conjugal partnership begins precisely on the same day that the marriage is celebrated. This being so, Mrs. Antuna had no share whatsoever in the property and, consequently, the undivided one-half could not be recorded in favor of their children as her heirs.

■ Appellants' attorney urges that the note of the registrar is erroneous in so far as it states that the property appears recorded in favor of a conjugal partnership different from the one existing between Dionisio Lind and Juana Antuna. In our opinon, the registrar is correct. The fact that Juana Antuna lived in concubinage with Lind at the time that the latter purchased the property, is not incompatible with the hypothesis that he was married to another woman. It is true that the lower court stated in the declaration of heirship that the first five children of Lind and Juana Antuna born during their concubinage, were legitimized by their subsequent marriage on September 23, 1904. This circumstance might give rise to the inference that at the birth of said five children Lind was unmarried.[1]

---

[1] According to the law in force up to 1945, adulterous children were not legitimized by the subsequent marriage of their parents, § 119 of the Civil Code.

But apart from the fact that the certainty of the registry of property requires that its entries should not be based on mere speculations or inferences, it was not within the *ex parte* proceeding for the declaration of heirship that it could be determined whether or not Dionisio Lind was unmarried at the time he purchased the property, since the registry disclosed that he was married at that time. If he was then married, the rights of his wife at that time, or of her heirs, may not be prejudiced without an opportunity to be heard. So long as no valid order from the court expressly declares that Lind was unmarried in 1902, we must agree with the registrar that the property is recorded in favor of a conjugal partnership which has not been liquidated.

The decision appealed from must be affirmed.